UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEJA BARBOUR, SHINNEL GONZALEZ, and      07 Civ. 3014 (RPP)
RAKAYYAH MASSEY,

                     Plaintiffs,
                                                                                              **AFFIDAVIT IN**
                                                                                          **OPPOSITION**

    -against-

THE CITY OF WHITE PLAINS, MARK
BURNETT, ANTHONY CARRA, KEVIN
CHRISTOPHER, ANTHONY FARRELLY, JOHN
HEFFNER, LAVALLE LARRIER, GILBERT
LOPEZ, ANTONIO NOLLETTI, and JOHN
and JANE DOES,

                     Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK    )
COUNTY OF WESTCHESTER) ss.:

      JOSEPH A. MARIA, being duly sworn deposes and states:

      I am an attorney duly licensed to practice law in the State of New York, and I am duly admitted to the Federal Court for the Southern District of New York since February 13, 1976.

      That I am a member of JOSEPH A. MARIA, P.C., attorneys for Defendants, CITY OF WHITE PLAINS, MARK BURNETT, ANTHONY CARRA, KEVIN CHRISTOPHER, ANTHONY FARRELLY, JOHN HEFFNER, LAVALLE LARRIER, GILBERT LOPEZ AND ANTONIO NOLLETTI in the above captioned action.

      It is respectfully submitted to this Court that no additional monies are due and owing in this case by the City of White Plains other than the Rule 68 Offer of Judgment at $10,000.00 for each plaintiff to settle all claims.

Annexed hereto are the Offers of Judgment of $10,000.00 each for the three (3) Plaintiffs herein. The Offers of Judgment clearly include the language "all claims" and are annexed hereto as Exhibit "A", Rule 68 Offer of Judgment to Plaintiff Deja Barbour, Exhibit "B", Rule 68 Offer of Judgment to Plaintiff Shinnel Gonzalez and Exhibit "C", Rule 68 Offer of Judgment to Plaintiff Rakayyah Massey.

Annexed hereto as Exhibit "D" is Acceptance of Rule 68 Offer of Judgment of Plaintiff Deja Barbour, Exhibit "E", Acceptance of Rule 68 Offer of Judgment of Plaintiff Shinnel Gonzalez and Exhibit "F", Acceptance of Rule 68 Offer of Judgment of Plaintiff Rakayyah Massey.

In those Notices pursuant to Exhibit "A", "B" and "C" and Acceptance, Exhibits "D", "E" and "F", all claims are included therein, including legal fees.

Annexed hereto as Exhibit "G" is a copy of the Summons & Complaint in this matter. Clearly, the request for legal fees was claimed in the Complaint. Annexed hereto as Exhibit "H" is a copy of the Court's Judgment concerning the fact that the case is settled for the sum of $10,000.00 "including reasonable attorneys' fees in an amount to be determined by the Court." I emphasize the term "including reasonable attorneys' fees in an amount to be determined by the Court."

A fair reading of that would clearly mean that the Court properly has decided that some amount of the $10,000.00 to each person is awardable to the Plaintiff as legal fees.

I bring the Court's attention to the case of <u>Caruso v. Forslund,</u> 47 Fed. 3d 27, 2nd Cir. 1995. That is a case in which a civil rights action was brought and an award was given of nominal damages only after a trial.

Generally, the Plaintiff is a prevailing party and is entitled to legal fees. However, in the case at bar, the circumstances show that legal fees were contemplated in the Rule 68 Offer made to the Plaintiffs herein. As in the case of Caruso, *supra,* in the case at bar the award is truly nominal when it is considered an entire civil rights matter settled for the sum of $10,000.00. The Court has correctly decided in this case that that settlement "included any and all legal fees" to be determined by the Court. If such was not the case, no right minded defendant would make a Rule 68 Offer of Judgment as you would only enter into a second trial of legal fees which the courts have held would be deplorable.

Plaintiff's application to this Court for legal fees in hundreds of thousands of dollars is clearly inappropriate under the Rule 68 Offers of Judgment by which this case was resolved in total.

If this Court is to consider the astronomical legal fees requested by the Plaintiff in this matter, I draw the Court's attention to the fact that there was no comprehensive work done as indicated by the bill submitted pursuant to the motion herein which reflects a total of 328 hours for the prosecution of this case.

Approximately 20 hours alone are dedicated to the instant application for fees in this matter.

Costs, which may be assessed by the Court traditionally in the practice of law means filing fees and expenses. It certainly should not be interpreted to mean legal fees. This Court has properly set forth in its Judgment that legal fees must be included in the $10,000.00 which was offered to settle this case for each Plaintiff herein.

The Second Circuit has not ruled on this issue and it is clear that the purpose of Rule 68 is to encourage honesty and candor in the relaying of offers. It is not a trick provision. Rule 68

3

clearly sets forth that the defendant may offer to the plaintiff a full settlement of all claims. In the case at bar the Offer pursuant to Rule 68 was clearly of all claims as offered herein.

For the Plaintiff to come forward now and seek legal fees because he is "a prevailing party" is inapplicable. He was only prevailing because of the generosity of the Defendant in offering money to settle all claims. The issue of prevailing parties is presented in the attached Memorandum of Law and it is argued that he is not a prevailing party.

It is my humble opinion that this Court never gets to the "lodestar" method of determining a reasonable fee. The reason for that is that fees should not be determined at all. The fact that this was a Rule 68 Offer of Judgment does not call for types of legal fees Plaintiff is requesting.

In the case of <u>Continental Building Co. Inc. v. The Town of North Salem</u>, 150 Misc. 2d 145, the Court held in essence that there must be some relationship to the results obtained and to the legal fees awarded.

If this Court ever gets to the issue of awarding more legal fees than a portion of the $10,000.00 of Judgment offered to each Plaintiff then I respectfully submit to this Court that there has actually been no showing in this case of which claims were and were not successful.

I further point out to this Court that the basis to determine the legal fees involved herein is based upon the amount of the results of the Plaintiffs.

I point out to this Court that there are numerous hours set forth in Plaintiffs' application allegedly incurred prior to trial. Plaintiffs specifically discontinued the causes of action for excessive force and other similar causes of action herein and would proceed to trial. The Plaintiffs were going to trial on the false arrest claim and no other claims herein. Thereafter, the work described in the bill does not reflect the success for the claims herein.

It is respectfully submitted to this Court that more than 70% of the Complaint herein has been voluntarily discontinued by the Plaintiffs. In essence, they have been unsuccessful in a number of their claims and therefore should not be compensated for work which they have discontinued and which had no viability at the commencement of this action. In short, the legal fees awarded pursuant to Federal Law must bear some basis to the actual successfulness of the Plaintiffs in the case at bar.

In addition, the false arrest claims in this case were both pursuant to State and Federal law. Therefore, with regard to Plaintiffs' claim under State law, there is absolutely no right to any legal fees as it does not apply to 42 USC 1983. It is respectfully submitted to this Court that it is impossible at this point to determine what claims were successful. The case was one State claim and one Federal claim. The State claim clearly carries no legal fee at all. Therefore it is respectfully submitted to this Court that no legal fees should be awarded.

Specifically, I point out to the Court that the unjust enrichment part of the bill submitted by Michael L. Spiegel in part is as follows:

An excess of 18 hours was spent in reading the criminal court transcript. I point out to the court that the bill is in tenths of an hour which would mean that 5/10 of an hour equals 30 minutes. There are a number of entries in which the Plaintiff sets forth calls to my offices. One such example is January 26, 2006 - a call and correspondence to Joseph A. Maria's office adjourning a 50-h Hearing which took approximately 24 minutes. Clearly this is an inflated item. I will not go through each and every aspect of this bill for such items, however, I respectfully submit to this Court that leaving a message in some instances has taken as long as one-half hour.

I draw the Court's attention to January 25, 2010, a call to three (3) separate clients concerning the status conference which took one (1) hour and 12 minutes. It is interesting to note

5

that a few days later he has the same calls with his three (3) clients concerning the settlement and it took one (1) hour and 48 minutes on those calls, discussing what had been allegedly discussed at length on January 25, 2010. Thereafter there was a settlement conference with the client and MJ Davison which took five (5) hours on the March 4, 2010.

It is interesting to note that at that point in time, no offers were being made by the Defendants whatsoever. If you take in excess of eight (8) hours to discuss a settlement where no offers were forthcoming, this is clearly improper.

In addition, there is an excessive ten (10) hours reading a case file on a case which they have billed repeatedly over and over again prior to January 14, 2010 in preparation for trial which they had already done in the past.

In the months of November and December 2010 there are a number of entries for preparation of trial which are later repeated during the month of January 2011.

I draw the Court's attention to such inconsistencies in the billing which is replete throughout November and December when on November 12, 2010 there is a preparation for cross-examination of Heffner for three (3) hours and on January 15, 2011 again cross-examination of Heffner of 3.1 hours; and on November 7, 2010 preparation of cross of defendants Heffner and Christopher for an additional 8.8 hours. I also draw the Court's attention that there is in excess of 16 hours more than two (2) days for the cross-examinations of Farrelly and Larrier.

It is clear that the depositions were read and reread, billed and rebilled for no apparent purpose for the proper prosecution of the matter especially when 70% of the Complaint was discontinued.

I also draw this Court's attention to the fact that there was a reading of the 50-h Hearing on February 17, 2011 and also a reading of the 50-h Hearing for 3.6 hours and a reading of the 50-h Hearing on January 2, 2007 for 1.2 hours after 50-h Hearing for 7.9 hours on December 6, 2006 was charged. Clearly this is excessive and inappropriate in the case at bar.

I draw the Court's attention to these facts as the Court reviews the bill submitted because there are many, many more inconsistencies and duplications of billing which is improper and inappropriate in the case at bar. I submit this to the Court not to argue in total each and every item, but to show the Court that the bill submitted is completely inappropriate for a matter which only goes to trial on false arrest and malicious prosecution. Every other claim in this case had been withdrawn prior to trial.

WHEREFORE, it is submitted to this Court that this motion must be denied in its entirety.

_____
Joseph A. Maria, Esq. (JM0209)

Sworn to before me this
29 day of March, 2011.

_____
Notary Public

FRANCES D. MARINELLI
NOTARY PUBLIC, State of New York
No. 4898254
Qualified in Westchester County
Commission Expires 5/18/2011