UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEJA BARBOUR, SHINNEL GONZALEZ, and     No. 07 Civ. 3014 (RPP)
RAKAYYAH MASSEY,

                         Plaintiffs,

     -against-

THE CITY OF WHITE PLAINS, MARK
BURNETT, ANTHONY CARRA, KEVIN
CHRISTOPHER, ANTHONY FARRELLY, JOHN
HEFFNER, LAVALLE LARRIER, GILBERT
LOPEZ, ANTONIO NOLLETTI, and JOHN
and JANE DOES,

                         Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION

Submitted by:

## JOSEPH A. MARIA, P.C.

By: S/_____
Attorneys for Defendants
THE CITY OF WHITE PLAINS,
MARK BURNETT, ANTHONY CARRA,
KEVIN CHRISTOPHER, ANTHONY
FARRELLY, JOHN  HEFFNER,
LAVALLE LARRIER, GILBERT LOPEZ,
ANTONIO NOLLETTI
301 Old Tarrytown Road
White Plains, New York 10603
Tel: 914-684-0333
Fax: 914 684-9772
File No. 33-0725(dj)
jmariapc@optonline.net

# TABLE OF CONTENTS

Page

Preliminary Statement .................................................................................................. 1

Questions Presented ..................................................................................................... 2

Memorandum of Law ................................................................................................... 3

POINT I -   THE PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S
            FEE UNDER 42 U.S.C. 1988 ........................................................... 3

POINT II -  THE DEFENDANTS' RULE 68 OFFER WAS SPECIFIC. IT
            ENCOMPASSED ALL CLAIMS ..................................................... 5

Conclusion ................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

Buckhannon Board and Care Home, Inc. v. W. VA Department of Health & Human
Res., 532 U.S. 598............................................................................................................... 4

Kokkonen v. Guardian Life Insurance Co. of America 511 U.S. 357.......................... 4

Lyte v. Sara Lee Corp., 950 F2d 101 1991................................................................. 4

Perez v. Westchester County Department of Corrections, 587 F3d 143...................... 3

Roberson v. Giuliani, 346 F3d 75................................................................................ 3

## **PRELIMINARY STATEMENT**

In the case at bar the Plaintiffs accepted the Defendants' Rule 68 Offer of Judgment. Its language was clear and unambiguous. It offered the sum of $10,000.00 to each Plaintiff in full settlement of "all claims." It expressly did not provide for the Defendants to pay the Plaintiffs their "costs" or their attorneys fees. Under the current state of the law and on this Court's prior ruling, the Court should only award legal fees based upon the $10,000.00 offered for all claims including legal fees to each of the Plaintiffs herein. The Court's Memorandum clearly states that it determined that each $10,000.00 settlement would include legal fees to be determined by the Court. In the event this Court does award additional legal fees it is suggested that the bill submitted by the Plaintiffs' counsel is highly inflated and not appropriate for the work which was done in the matter, particularly in light of the nominal settlement to be received by each Plaintiff.

## QUESTIONS PRESENTED

QUESTION 1:       WHETHER OR NOT THE PLAINTIFFS ARE ENTITLED TO ATTORNEY'S FEES UNDER 42 U.S.C. 1988?

**ANSWER 1:**       **THE PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES UNDER 42 U.S.C. 1988.**

QUESTION 2:       WHETHER OR NOT THE DEFENDANTS' RULE 68 OFFER WAS SPECIFIC AND IT ENCOMPASSED ALL CLAIMS?

**ANSWER 2:**       **THE DEFENDANTS RULE 68 OFFER WAS SPECIFIC AND IT ENCOMPASSED ALL CLAIMS.**

## MEMORANDUM OF LAW

## POINT I

### THE PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES UNDER 42 U.S.C. 1988

1. THERE HAS NOT BEEN A MATERIAL ALTERATION OF THE PARTIES' LEGAL RELATIONSHIP

It is to be initially noted by the Court that it is the position of the Defendants that the Plaintiffs are not entitled to the recovery of attorney's fees pursuant to 42 USCA 1988. The parties resolved the liability and damages issues which this action presented with their private and voluntary settlement agreement.

Under the circumstances the Plaintiffs may not be determined to have prevailed in this action for purposes of fee shifting under 42 U.S.C. 1988. The resolution of this action was not on the merits. It was not achieved through a consent order. Rather it was reached simply by the Plaintiffs' acceptance of the Defendants' Rule 68 Offer.

There was not a legal relationship between the parties at the time that the alleged cause of action occurred. Other than the Defendants' payment of the agreed upon monetary settlements to the Plaintiffs, the Defendants do not continue to maintain a legal relationship with the Plaintiffs into the future. The parties' relationship position has not been altered by their voluntary settlement. Their settlement agreement did not require the Defendants to continue to perform certain activities or refrain from performing certain activities. In both Roberson v. Giuliani, 346 F3d 75 and Perez v. Westchester County Department of Corrections, 587 F3d 143, the Defendants, as part of the settlement agreement, undertook to modify their procedures and actions into the future.

3

In <u>Roberson v. Giuliani</u> (supra) the City of New York agreed to changes in the manner in which its Department handled food stamp and public assistance claims.

In <u>Perez v. Westchester County Department of Corrections</u> (supra), the Defendants agreed to recognize Muslim inmate's dietary requirements in the same manner as they had observed Jewish inmates requirements.

In <u>Lyte v. Sara Lee Corp.</u>, 950 F2d 101 1991, an employee-employer relationship existed.

In this case the Defendants agreed to pay each Plaintiff the sum of $10,000.00 in satisfaction of "all claims." This consideration to be given by the Defendant in exchange for discontinuation did not constitute a "material alteration" of the parties' relationship sufficient to entitle the Plaintiffs to attorney's fee under 42 U.S.C. 1988.

## 2. THE PARTIES' SETTLEMENT DOES NOT ENTAIL THE REQUISITE JUDICIAL CONSENT

The Judgment which the Court issued was not a Consent Order. It did not order the dismissal of the Plaintiffs' Complaint. It neither incorporated the parties' settlement agreement into an order of dismissal nor included an express provision for its retention of jurisdiction over the parties for the purpose of the enforcement of their agreement. <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 357; <u>Buckhannon Board and Care Home, Inc. v. W. VA Department of Health & Human Res.</u>, 532 U.S. 598.

The Court's single continued involvement with the action was its determination of the Plaintiffs' counsel fees. This connection did not rise to the level of a Consent Order.

The parties' settlement by way of a Rule 68 Settlement offer and the Court's Judgment did not constitute sufficient bases upon which an award of counsel fees should have been made.

4

## POINT II

### THE DEFENDANTS' RULE 68 OFFER WAS
### SPECIFIC. IT ENCOMPASSED ALL CLAIMS.

The Plaintiffs' Complaint sought compensatory damages, punitive damages, and counsel fees. The Defendants' Rule 68 offer specifically stated that it contemplated the settlement of all of the Plaintiffs' claims, thus including their claims for attorney fees.

Their offer was voluntarily made with the understanding that if accepted by the Plaintiff their counsel fees would be paid from the settlement. It was never considered by the Defendants that they would be required to pay any attorney fees, let alone fees in the amount of $400,000.00, which are tantamount to unjust enrichment under the law and the terms of this settlement.

The Offer of Judgment did not allow for costs, rather it specifically included a settlement of all claims. See, Lyte v. Sara Lee Corporation, (supra).

## CONCLUSION

Wherefore it is respectfully submitted to this Court that there is no justifiable reason in law or in fact pursuant to the Defendants' Rule 68 Offer of Judgment that the Plaintiffs should be awarded additional legal fees other than fees determined to be proper by the Court which are to be included in the $10,000.00 offered for each of the Plaintiffs individually.

Dated: White Plains, New York
        March 29, 2011

Respectfully submitted;

## JOSEPH A. MARIA, P.C.

By: S/_____
Attorneys for Defendants
THE CITY OF WHITE PLAINS,
MARK BURNETT, ANTHONY CARRA,
KEVIN CHRISTOPHER, ANTHONY
FARRELLY, JOHN  HEFFNER,
LAVALLE LARRIER, GILBERT LOPEZ,
ANTONIO NOLLETTI
301 Old Tarrytown Road
White Plains, New York 10603
Tel: 914-684-0333
Fax: 914 684-9772
File No. 33-0725(dj)
jmariapc@optonline.net