UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DEJA BARBOUR, SHINNEL GONZALEZ,   )
and RAKAYYAH MASSEY,   )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,   )
　　　　　　　　　　　　　　　　　　　)
　　　　　-against-   )
　　　　　　　　　　　　　　　　　　　)   **07 Civ. 3014 (RPP)**
THE CITY OF WHITE PLAINS, et al.,   )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.   )
---------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW

# IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS


　　　　　　　　　　　　　　　　　　　　　　MICHAEL L. SPIEGEL, ESQ.
　　　　　　　　　　　　　　　　　　　　　　SCOTT A. KORENBAUM, ESQ.
　　　　　　　　　　　　　　　　　　　　　　111 Broadway, Suite 1305
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10006
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

April 5, 2011

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PLAINTIFFS ARE PREVAILING PARTIES ENTITLED TO ATTORNEYS' FEES . . . . . . . . 1

PLAINTIFFS' DEGREE OF SUCCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

THE HOURS EXPENDED WERE REASONABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PRELIMINARY STATEMENT**

Plaintiffs submit this Reply Memorandum of Law in further support of their application for fees and costs as prevailing parties in this § 1983 litigation. Plaintiffs have established that the terms of defendants' Rule 68 Offers entitled them to attorneys' fees and expenses, and that these costs are reasonable. Defendants' Memorandum in Opposition ("Def. Memo") and the Affidavit of Joseph A. Maria in Opposition, March 29, 2011 ("Maria Aff."), advance frivolous arguments and do not address the fundamental controlling law. Defendants' do not contest plaintiffs' counsels' hourly rates, plaintiffs' paralegal rates or time, Mr. Korenbaum's time, or the expenses billed; their generalized complaints about the time expended by Mr. Spiegel in advancing plaintiffs' case over the past four years do not identify specific, allegedly inflated, entries in his contemporaneous time records.

Submitted herewith are a Reply Declaration of Michael L. Spiegel ("Spiegel Reply Decl."), and a Reply Declaration of Scott A. Korenbaum with attached exhibits, including time records covering work performed from the date of filing of the initial fee application through the filing of this Reply. Plaintiffs' total application for all fees and expenses to date is $290,997.94, as set forth in detail in the Conclusion to this Reply Memorandum of Law.

**PLAINTIFFS ARE PREVAILING PARTIES ENTITLED TO ATTORNEYS' FEES**

On March 4, 2011, plaintiffs transmitted a proposed Judgment Pursuant to Rule 68 to defendants' counsel and to the Orders and Judgments Clerk of the United States District Court. Spiegel Reply Decl., Exhibit A. Later the same day, March 4, 2011, this Court issued an Order stating that "this Court understands . . . that Plaintiff's counsel intends to move for attorney's fees," and set a deadline for the filing of plaintiffs' fee application. Spiegel Reply Decl., Exhibit B. On March 8, 2011, the Judgment Pursuant to Rule 68 ("the Judgment") was filed. It plainly

stated that each plaintiff "takes judgment against defendants in this action for the sum of Ten Thousand Dollars ($10,000.00), with the costs accrued, including reasonable attorneys' fees, in an amount to be determined by the Court."

Defendants' counsel did not object to plaintiffs making a fee application, as set forth in the Court's March 4, 2011, Order.  Nor did defendants object to the proposed Judgment providing for that fee application.  Having waived any objection to the Judgment, defendants now attempt to circumvent its plain meaning – that Rule 68 "costs" in a § 1983 action include reasonable attorneys' fees.  Marek v. Chesny, 473 U.S. 1, 5-9 (1985).  The Judgment simply and plainly recites the legal consequences of the terms contained in defendants' Rule 68 Offers of Judgment ("the Offers").  Because the Offers did not make any reference to costs, operation of Rule 68 requires that costs be added to the amount set forth in the Offers.  Id. at 5-7.  These legal rules have been established law for twenty-six years.

Plaintiffs have already addressed the law concerning attorneys' fees and costs, in light of the terms in defendants' Offers, in their initial Memorandum of Law at 4.  Defendants do not address, or even mention, Marek or its progeny.  But Marek controls the outcome here: plaintiffs are prevailing parties, and they are entitled to attorneys' fees and costs in addition to the $30,000 already obtained through acceptance of the Offers.

Confronted with the legal significance of the Offers, defendants disingenuously argue that the Offers were inclusive of attorneys' fees and costs.  Offers on those terms, however, would be entirely pointless in this case, where they were made at the end of four years of litigation and on the eve of the (second) firm trial date.  Had a plaintiff rejected an offer that *did* include attorneys' fees, and then obtained a verdict in her favor, she could not fail to beat the offer – since the

accumulated fees would obviously have been much greater than $10,000 with respect to each plaintiff. The cost-shifting negative consequences that defendants explicitly recite in the Offers – that a non-accepting plaintiff would be required to pay the offering parties costs if "the non-accepting party receives a favorable final judgment, but for less than the amount of the Offer of Judgment" – could never come into play if attorneys' fees were included in the amount offered, since the attorneys' fees alone would clearly surpass $10,000. Defendants here did not make such an offer – no defendant would – and had a plaintiff in this case rejected the Offer and gone to trial, defendants' counsel would surely be relying on Marek to avoid the consequences of such an interpretation.

Defendants also misquote the Judgment to support a frivolous argument that the Court contemplated injecting itself into the attorney-client relationship to determine how much of the $10,000 offered to each plaintiff would constitute attorneys' fees. Def. Memo at 1; Maria Aff. at 2. Defendants purvey this sleight-of-hand by first leaving out "with the costs accrued," following the phrase, "[each plaintiff] takes judgment against defendants in this action for the sum of Ten Thousand Dollars ($10,000.00)." Defendants then take the comma out of the modifying language, "including reasonable attorneys' fees[,] in an amount to be determined by the Court." Defendants' argument that the Court entered a judgment directing that it would determine what portion of each plaintiff's $10,000 would be attorneys' fees (without any application requesting the Court to do so), and the distorted text used to support the argument, are misleading and contrary to the plain language of the Judgment and Rule 68.

## PLAINTIFFS' DEGREE OF SUCCESS

Having failed to refute plaintiffs' entitlement to attorneys' fees pursuant to the Offers and

3

the Judgment, defendants next challenge the amount of the fees.  First, defendants' opposition papers mischaracterize and diminish the actual facts of plaintiffs' recovery.  The instant fee application is a single application on behalf of three plaintiffs.  *Each* plaintiff accepted a Rule 68 Offer of $10,000.  Therefore, the result obtained – with respect to the single fee application on all plaintiffs' behalf – is a $30,000 recovery.  In City of Riverside v. Rivera, 477 U.S. 561 (1986), the Supreme Court affirmed an award of over $245,000 in attorneys' fees to *eight* individuals who were awarded a total of $33,350 in damages.  In Vilkhu v. City of New York, No. 06-CV-2095, 2009 U.S. Dist. LEXIS 73696 (E.D.N.Y. June 26, 2009), *aff'd in part, vacated in part*, 372 Fed. Appx. 222 (2d Cir. Apr. 21, 2010) (vacated and remanded for further proceedings in light of the "forum rule" discussed in the Circuit's intervening decision in Simmons v. NYC Trans. Auth., 575 F.3d 170 (2d Cir. 2009)), Judge Sifton awarded over $725,000 in fees and costs to a plaintiff who was awarded $20,000 in damages.  *See also*, Morris v. Eversley, 343 F. Supp. 2d 234 (S.D.N.Y. 2004) (Chin, J.) (awarding $180,000 in attorneys' fees and costs where a plaintiff was awarded $16,000 at trial).

While plaintiffs might have obtained a larger award at trial, their decision to accept $30,000 was not a "partial or limited success."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 189 (2d Cir. 2007) (quoting Kassim v. City of Schenectady, 415 F.3d 246, 255-56 (2d Cir. 2006)).  As the Supreme Court has stated, Rule 68

> expresses a clear policy of favoring settlement of all lawsuits. Civil rights
> plaintiffs -- along with other plaintiffs -- who reject an offer more favorable than
> what is thereafter recovered at trial will not recover attorney's fees for services
> performed after the offer is rejected. But, since the Rule is neutral, many civil
> rights plaintiffs will benefit from the offers of settlement encouraged by Rule 68.
> Some plaintiffs will receive compensation in settlement where, on trial, they
> might not have recovered, or would have recovered less than what was offered.

> And, even for those who would prevail at trial, settlement will provide them with compensation at an earlier date without the burdens, stress, and time of litigation. In short, settlements rather than litigation will serve the interests of plaintiffs as well as defendants.

Marek, 473 U.S. at 10. There is nothing "limited" or "partial" about accepting a Rule 68 offer for a substantial sum of money, especially where plaintiffs' attorneys' fees and costs will be paid by defendants. The benefits to each plaintiff were manifest – they obtained an immediate financial award and they avoided the rigors of trial (especially plaintiff Massey, who was approaching full term of her pregnancy). As the Supreme Court observed, "Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile." Id. at 11. The fact that plaintiffs did so, and accepted defendants' offer of $30,000, achieved a significant and substantial benefit to each of them, and furthered the purposes of the civil rights statutes.

Second, while defendants complain about the number of hours plaintiffs' counsel expended in the litigation of this action, Maria Aff. at 4-7, it is defendants who are responsible for requiring plaintiffs' counsel to do so. Defendants clearly failed to make an offer to settle this case in a timely fashion. As the Supreme Court stated in City of Riverside,

> petitioners could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner. . . . "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Copeland v. Marshall, 205 U. S. App. D. C. 390, 414, 641 F.2d 880, 904 (1980) (*en banc*).

477 U.S. at 580 n.11. Despite plaintiffs' efforts to engage in good-faith settlement negotiations, defendants adopted a "no pay" stance until the Offers. "[I]n litigating a matter, an attorney is in part reacting to forces beyond the attorney's control, particularly the conduct of opposing counsel . . .. It is therefore difficult to generalize about the appropriate size of the fee in relation to the

5

amount in controversy." Kassim, 415 F.3d at 252.  The Supreme Court has rejected any "rule of proportionality," finding such a rule "totally inconsistent with Congress' purpose in enacting § 1988." City of Riverside, 477 U.S. at 578.

## THE HOURS EXPENDED WERE REASONABLE

"In determining whether hours should be excluded, the inquiry is not based on what effort appears necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Harrell v. Van Der Plas, 2009 U.S. Dist. LEXIS 104828 at *19 (S.D.N.Y. Nov. 9, 2009) ("Harrell II") (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)).  At the time of the Rule 68 Offers, plaintiffs were proceeding to trial against six officers on claims of false arrest, malicious prosecution, and failure to intervene.[1]  Joint Pretrial Order filed Dec. 3, 2010.  A firm trial date of January 24, 2011, had been adjourned at defendants' request three days before the trial was to begin.  The re-scheduled trial was set to commence on March 14, 2011, when defendants served their Rule 68 Offers on March 2, 2011.

The case arose out of an incident in which six police officers were directly involved in

---

[1] In the Joint Pretrial Order, plaintiffs dismissed all claims against two officers named in the Complaint; their depositions were never taken, and no time was expended pursuing the claims against them.  To the extent that defendants appear to argue that these dismissals indicate "partial success," they are simply wrong – they were efficient trimming of claims that had not been pursued, but had been pleaded to satisfy any Rule 15 issues under then prevailing Second Circuit law, which required naming of all known parties, even if their roles were unknown.  See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1996), overruled by Krupski v. Costa Crociere, _ U.S. _, 130 S. Ct. 2485 (2010).  Likewise, plaintiffs dismissed their excessive force and Monell claims, and no time had been expended pursuing discovery on those claims.  All of plaintiffs' claims arose out of the same nucleus of facts (i.e., their arrest on April 25, 2004, and their subsequent criminal prosecutions), and as such, they were factually intertwined, and no reduction is warranted because the claims were dismissed.  Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996). Spiegel Reply Decl. at ¶7-8.

arresting the three plaintiffs.  All six officers testified at plaintiffs' criminal trial.  The time expended in taking their depositions and preparing their examinations at trial were necessary and reasonable.  Spiegel Reply Decl. at ¶2.  As any experienced litigator knows, "preparation is everything" in successful trial practice.  Mr. Maria complains about the time expended preparing cross-examinations of the defendants, Maria Aff. at 6, but he does not explain why that time was not reasonable preparation for a jury trial.  Although Mr. Maria generally complains that "[a]n excess of 18 hours was spent in reading the criminal court transcript," Maria Aff. at 5, he does not point to any specific time entries relating to this work that he contends are inflated. "'Without specific reference to disputed entries to guide it,'" the Court should "not scour [counsel's] billing records to uncover [] supposed abuses." Todaro v. Siegel Fenchel & Peddy, P.C., 697 F. Supp. 2d 395, 402 (E.D.N.Y. 2010) (quoting Vilkhu, 2009 U.S. Dist. LEXIS 73696, *50-51).

There is no question that Mr. Spiegel spent substantial hours preparing for defendants' trial examinations, but that time was entirely necessary.  Because there were two transcripts of each defendant's account of the events – a criminal trial transcript and a deposition transcript – the first step was to create digests/indices to the transcripts.  Each trial cross-examination question was cross-referenced to pages and lines in the transcripts, in order to have defendants' admissions (or impeachment material) readily available during the examination of the witnesses before the jury, should their testimony vary from their previous accounts.  Such variations were expected, since the accounts frequently varied between the criminal trial and deposition – and Mr. Spiegel did not know in advance if a defendant would adhere to one account or another, or testify to an entirely new version.  The examinations of the six defendants had to be presented in

7

proper order, and cross-referenced, to enable effective cross-examination concerning the various details of the unfolding incident.  To create six defendant examinations that would proceed efficiently, smoothly and persuasively at trial (without wasting jury time due to disorganization), was a time-consuming task, but entirely reasonable and necessary.  Spiegel Reply Decl. at ¶3.

Mr. Maria's first complaint about a *specific* time entry concerns a call on "January 26, 2006."  Maria Aff. at 5.  But Mr. Spiegel's first time entry is in <u>April</u> 2006, so whatever Mr. Maria is referencing is unknowable.  *See* Spiegel time records submitted as Exhibit B to the March 14, 2011, Declaration of Michael L. Spiegel ("Spiegel Time Records").  Defendants next complain that Mr. Spiegel spent time on January 25, 2010, preparing with the plaintiffs for a status conference with Judge Kenneth M. Karas on February 9, 2010.  Maria Aff. at 6.  Mr. Maria, however, failed to appear at that conference, or to send anyone from his office to appear on his behalf, or to notify Mr. Spiegel or the Court in advance that he wished to adjourn the conference.  Mr. Maria necessitated Mr. Spiegel's attendance at a conference with the court at which nothing was accomplished.  Spiegel Reply Decl. at ¶4; Spiegel Time Records.

Mr. Maria next complains about the time spent preparing for and attending the settlement conference with Magistrate Judge Paul E. Davison, although "no offers were forthcoming."  Maria Aff. at 6.  Mr. Spiegel prepared for the conference and drafted an *ex parte* settlement letter in conformity with Magistrate Judge Davison's rules.  All three plaintiffs, Mr. Spiegel, and Mr. Maria attended the settlement conference on March 4, 2010.  Because Mr. Maria had not obtained any authority to settle the case, it was adjourned to April 16, 2010.  On April 15, 2010, Mr. Spiegel conferred with Mr. Maria, who stated that he still did not have authority, and Mr. Spiegel drafted and sent a letter to Magistrate Judge Davison requesting an adjournment of the

8

continued settlement conference. It was not until April 27, 2010, that Mr. Maria finally informed Mr. Spiegel that the City of White Plains was not making any offer to settle the case. Defendants were entirely responsible for the time spent by Mr. Spiegel in making good-faith efforts to settle the case – taking a full two and a half months to decide not to offer anything, and requiring Mr. Spiegel to devote time to a settlement effort that was a total waste. Spiegel Reply Decl. at ¶5; Spiegel Time Records.

In the interests of eliminating any issues concerning the time spent on the two 50-h hearings in this case (of plaintiffs Barbour and Massey), plaintiffs will deduct 7.0 hours reflected in billings between October 6, 2006, and December 6, 2006, for time expended specifically related to preparing for and attending the 50-h hearings. Time spent reading, digesting and indexing the transcripts of the 50-h hearings, which would have been used by Mr. Maria to cross-examine the plaintiffs at trial, should be included; this was time properly spent to prepare plaintiffs' direct case, and was reasonable and necessary. See Vilkhu, 2009 U.S. Dist. LEXIS 73696 at *35-36.

## CONCLUSION

For the foregoing reasons, and the reasons stated in their initial fee application, plaintiffs respectfully request that this Honorable Court award a total of $290,997.94 as attorneys' fees and costs to the plaintiffs as prevailing parties in this litigation, in the following amounts:

    a.    Attorney's fees to Michael L. Spiegel at the rate of $625 per hour for 321.6 hours spent on this litigation to the date of plaintiffs' March 14, 2011, fee application, for a total of $201,000.00 (this is a downward-revised amount based on hours reduced from 328.6 to 321.6, to reflect deducted time expended on the two 50-h

      hearings); and

b.     Attorney's fees to Scott A. Korenbaum at the rate of $450 per hour for 137.6 hours spent on this litigation to the date of the March 14, 2011, fee application, for a total of $61,920.00; and

c,     Paralegal fees at the rate of $125 per hour for 69.7 hours spent on the litigation through the March 14, 2011, fee application, for a total of $8,712.50; and

d.     Reasonable costs and expenses in the amount of $4,932.94; and

e.     Attorney's fees to Michael L. Spiegel at the rate of $625 per hour for 18.7 hours expended from the date of the initial fee application through this Reply in the amount of $11,687.50; and

f.     Attorney's fees to Scott A. Korenbaum at the rate of $450 per hour for 6.1 hours spent from the date of the fee application through this Reply in the amount of $2,745; and

g.     Such other costs and expenses as may be incurred hereafter.

Dated: New York, New York
       April 5, 2011

                                Respectfully submitted,

                                         s/
                                Michael L. Spiegel, Esq.
                                Scott A. Korenbaum, Esq.
                                111 Broadway, Suite 1305
                                New York, NY  10006
                                (212)587-8558
                                *Attorneys for Plaintiffs*