UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEJA BARBOUR, SHINNEL GONZALEZ,
and RAKAYYAH MASSEY,

                        Plaintiffs,                    07 Civ. 3014 (RPP)

         - against -                    **OPINION AND ORDER**

THE CITY OF WHITE PLAINS, et al.,

                        Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On March 14, 2011, Plaintiffs' attorneys Michael L. Spiegel and Scott A. Korenbaum moved for an award of attorneys' fees and expenses totaling $280,940.44 pursuant to 42 U.S.C. § 1988. On March 28, 2011, Defendants filed an affidavit and memorandum of law in opposition to the request for fees, arguing first that Plaintiffs are not entitled to any fees, and, in the alternative, that Plaintiffs' request is excessive. On April 7, 2011, Plaintiffs filed a reply brief, in which Mr. Spiegel lowered his portion of the request for fees by seven hours in response to Defendants' objections. The reply brief also amended the amount of Plaintiffs' request by incorporating additional fees for work performed on the reply by Mr. Spiegel and Mr. Korenbaum. Plaintiffs' final request for fees and costs totals $290,997.94.

## BACKGROUND

      Plaintiffs Deja Barbour, Shinnel Gonzalez and Rakayyah Massey commenced this action by filing the Complaint on April 16, 2007, following the favorable termination of criminal proceedings against them in 2006. (Declaration of Michael L. Spiegel ("Spiegel Decl.") ¶ 19.) Plaintiffs' Complaint arises out of their arrest during an incident in the early morning of April

1

25, 2004. (Id. ¶ 20.) That morning, the three women had walked out of a White Plains diner when they observed several police officers questioning and ultimately arresting two of their male friends. (Id.) Plaintiffs protested the rough treatment their male friends were receiving at the hands of the officers, and they were placed under arrest by the officers, who were Defendants in this case. (Id.) The criminal case against Plaintiffs proceeded for two years; Plaintiff Massey's case was dismissed mid-trial and the other two Plaintiffs were acquitted. (Id.)

Following the resolution of their criminal case, Plaintiffs sued the Defendants for false arrest, excessive force, malicious prosecution and failure to intervene under 42 U.S.C. § 1983 and for malicious prosecution under New York state law. (Compl. at 4-8.) They also brought § 1983 claims against the City of White Plains under theories of supervisory liability and municipal liability pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978). An initial pre-trial conference was held before Judge Robinson on September 14, 2007. The case was then transferred to Judge Karas, before whom a pre-trial conference was held on May 20, 2008. Judge Karas set a discovery deadline of July 1, 2008. The parties appeared for a settlement conference before Magistrate Judge Davison on March 4, 2010. On January 7, 2011, this case was transferred to this Judge, before whom a conference was held on January 21, 2011. A trial date was set for March 14, 2011.

On March 1, 2011, Defendants made three Rule 68 Offers of Judgment, each for the "total sum of TEN THOUSAND DOLLARS AND 00/100 ($10,000) for the settlement of all claims pending against the defendants in this action." (Spiegel Decl., Ex. A.) On March 2, 2011, notices of acceptance of Rule 68 Offers of Judgment were filed with the Court, and on March 8, 2011, Judgment Pursuant to Rule 68 was entered in favor of each Plaintiff for the sum of $10,000, "with the costs accrued, including reasonable attorneys' fees, in an amount to be

determined by the Court." On March 14, 2011, Plaintiffs' counsel filed their application for attorneys' fees.

## DISCUSSION

Rule 68 provides that "[m]ore than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68. 42 U.S.C. § 1988 provides, in relevant part, that in an § 1983 action, a court may award the prevailing party "a reasonable attorney's fee as a part of the costs." Plaintiffs contend that they are prevailing parties in this § 1983 suit by virtue of their acceptance of Defendants' Rule 68 offer, and that they are entitled to costs of the litigation, including attorneys' fees. Plaintiffs contend that these costs are to be paid by Defendants in addition to the $10,000 per Plaintiff settlement. Defendants argue that by incorporating the language "for the settlement of all claims" in the Rule 68 Offers of Judgment, they intended for the $10,000 sum to include attorneys' fees, and that therefore Plaintiffs are not entitled to any additional fees. Alternatively, Defendants argue that Plaintiffs are not prevailing parties entitled to fees pursuant to § 1988, and that Plaintiffs' request for fees is excessive.

For the reasons stated below, Plaintiffs' application is granted.

I.   <u>Attorneys' Fees in Rule 68 Offers of Judgment</u>

Defendants argue that the language "settle all claims" in the Rule 68 Offers of Judgment "show[s] that legal fees were contemplated in the Rule 68 Offer made to Plaintiffs." (Affidavit of Joseph A. Maria ("Maria Aff.") at 3.) Therefore, Defendants contend, an award of legal fees in addition to the $10,000 payment is inappropriate. Plaintiffs argue that because the Rule 68 Offer did not state specifically that costs were included in the $10,000 figure, and did not specify

an amount for costs, an additional award of costs, including attorneys' fees, is warranted.  (Pls.' Mem. in Supp. at 4.)

It is settled law that if a Rule 68 offer of judgment is intended to include costs in the offered sum, it should expressly state that intent.  Marek v. Chesny, 473 U.S. 1, 6 (1985) ("[i]f the [Rule 68] offer does not state that costs are included and an amount for costs is not specified, the court will be obligated by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs").  If Defendants had intended its offers to include costs and attorneys fees, its offers of judgment should have so stated.  Sas v. Trintex, 709 F. Supp. 455, 457-58 (S.D.N.Y. 1989) ("[i]f the offer of judgment . . . simply had stated that it was to include costs, its acceptance would have prohibited an additional claim for attorney's fees").

While Defendants now object that they intended for the $10,000 offer to be inclusive of costs, this case is on all fours with Sas, in which Judge Goettel stated "[t]he . . . fact of the matter is that the defendant's counsel never anticipated that the plaintiff would accept the offer of judgment and, indeed, that offer would not have been accepted had it included attorney's fees.  Defendant's counsel simply erred in failing to protect against an acceptance of the offer followed by a request for costs, including attorney's fees."  Sas, 709 F. Supp. at 458.  Defendants drafted the Rule 68 offer.  If they intended for it to be inclusive of attorneys' fees, the offer should have clearly expressed that intent.[1]

In addition to their argument regarding the offer's language, defense counsel's affidavit alleges that the March 8, 2011 Judgment signed by the Court could be fairly read to mean "that

---

[1] In this Court's view, the offer does not suggest that attorneys' fees are included in the $10,000 sum.  Were the offer ambiguous, however, it would nevertheless be interpreted against the drafter as not including attorneys' fees.  Photopaint Technologies, LLC v. Smartlens Corp., 335 F.3d 152, 161 (2d Cir. 2003) (reaffirming the rule that ambiguous contracts are interpreted against the document's drafter).

4

the Court properly has decided that some amount of the $10,000.00 to each person is awardable to the Plaintiff as legal fees." (Maria Aff. at 2.) Defendants' counsel's reading of the Judgment is incorrect. The law is clear, as set forth above, that because the offers did not specify that they were to include fees, the Court is required to allow a separate award of fees.

Defendants also argue that Plaintiffs are not entitled to an award of fees because "the Judgment which the Court issued was not a Consent Order. . . the parties' settlement by way of a Rule 68 Settlement offer and the Court's judgment did not constitute sufficient bases upon which an award of counsel fees should have been made." (Defs.' Mem. in Opp. at 4.)

Contrary to Defendants' arguments, Rule 68 provides that the offeror is to pay the costs of the accepting party: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party and offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68. "The critical feature of this portion of the Rule is that the offer be one that allows judgment to be taken against the defendant for *both the damages caused by the challenged conduct and the costs then accrued*." Marek, 473 U.S. at 6 (emphasis original). In the context of § 1983 actions, such as this case, the Supreme Court has held that "costs," as referred to in Rule 68, include attorneys' fees. Marek, 473 U.S. at 8-12.

Defendant is incorrect that Plaintiffs are not entitled to attorneys' fees because they accepted a Rule 68 offer instead of obtaining a consent order. Rule 68 itself and the Supreme Court's decision in Marek make clear that parties accepting Rule 68 offers are entitled to recover costs, including attorneys' fees.

II.     Plaintiffs as Prevailing Parties

Defendants also contend that because several of Plaintiffs' original claims were voluntarily discontinued, Plaintiffs cannot be prevailing parties and thus are not entitled to fees

5

under § 1988. (Maria Aff. at 4-5.) Defendants also argue that it is impossible to distinguish Plaintiffs' claims for fees for work performed on those claims that survived versus those claims that were terminated prior to settlement, and that therefore no legal fees should be awarded. (Maria Aff. at 5.)

Defendants are correct that prior to the Rule 68 offer, Plaintiffs voluntarily dismissed their excessive force claims, and dismissed their Monell claims and supervisory liability claims against White Plains. See Pretrial Memorandum, Barbour et al. v. City of White Plains et al., 07 Civ. 3014, ECF No. 22 (Nov. 2, 2010). Plaintiffs' malicious prosecution, false arrest, and failure to intervene claims brought pursuant to § 1983 as well as New York state law, remained. Id.

Defendants' arguments fail. First, settlement in Plaintiffs' favor is sufficient to establish Plaintiffs as the prevailing parties in this action. "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." Farrar v. Hobby, 506 U.S. 103, 111 (1992) (citations omitted). Obtaining a Rule 68 judgment on behalf of each Plaintiff in the amount of $10,000 constitutes "some relief."

Second, Plaintiffs dismissed their non-viable claims in the interest of efficiency. The facts underlying these claims arose from the same incident as the remaining claims, and all of the claims had the same nucleus of fact and law. Plaintiffs' counsel attest that they are not claiming any fees for time spent exclusively on those claims that were dismissed. (Pls.' Reply Mem. in Supp. at 6 n.1.) Thus, the fact that Plaintiffs dismissed several claims before accepting the Rule 68 offer does not mean that they are not prevailing parties. Plaintiffs' counsel have eliminated costs and fees for the time spent exclusively on those claims.

### III. Reasonableness of the Requested Fees

Defendants object to the amount of Plaintiffs' fee request for several reasons. First, they argue that "no comprehensive work [was] done," and that Plaintiffs' billing is inflated in several particular instances. (Maria Aff. at 3, 4-6.) Defendants also challenge the request for fees because it is disproportionate to the recovery.[2] Defendants do not state an objection to Plaintiffs' counsel's hourly rates or expenses, nor do they state any objections to any particular time entries of Mr. Korenbaum, or his hourly rates.

#### A. Standard Governing Reasonableness of Fees

In Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010), the Supreme Court reaffirmed the utility of the lodestar approach to evaluate the reasonableness of fee applications in the § 1988 context. The lodestar approach entails "determining the amount of a reasonable fee [by calculating] the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In Arbor Hill Concerned Citizens v. Cty. of Albany, 522 F.3d 182 (2d Cir. 2008), the Second Circuit determined that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness." Arbor Hill, 522 F.3d at 190. Further, the Second Circuit reasoned that "[w]hat the district courts in this circuit produce is in effect not a lodestar as originally conceived but rather a 'presumptively reasonable fee.'" Id. at 189. Under either approach, Plaintiffs' counsel's fee request is reasonable.

---

[2] On page 3 of the Maria Affidavit, Defendants explain "the award is truly nominal when it is considered an entire civil rights matter settled for the sum of $10,000." On page 4 of the Affidavit, Defendants cite a New York Supreme Court case Continental Building Co. Inc. v. The Town of North Salem, 150 Misc. 2d 145 for the proposition that "there must be some relationship to the results obtained and to the legal fees awarded." These arguments are construed as challenges to the request for fees on the basis of proportionality to the award.

B.  <u>Time Reasonably Expended</u>

Defendants object to Plaintiffs' application for fees primarily on the grounds that Plaintiffs bill for an excessive amount of time.  Defendants claim that "there was no comprehensive work done," and that "20 hours alone are dedicated to the instant application for fees."  (Defs.' Mem. in Opp. at 3.)  Defendants also make several specific objections to Plaintiffs' bill, arguing that the time expended for various tasks was excessive.  (Maria Aff. at 5-6.)  Plaintiffs respond by justifying their expenditures and pointing out that Defendants' delay in making a reasonable settlement offer unnecessarily extended the litigation up to thirteen days prior to a firm trial date.

"In determining whether hours should be excluded, the inquiry is not based on what effort appears necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"  <u>Harrell v. Van Der Plas</u>, No. 08 Civ. 8252, 2009 WL 3756327 at *6 (S.D.N.Y. Nov. 9, 2009) (quoting <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992)).  As set forth in the pretrial memorandum, at the time of the Rule 68 offers, Plaintiffs' counsel were preparing to proceed to trial on behalf of three clients, on claims of false arrest, malicious prosecution and failure to intervene, pursuant to 42 U.S.C. § 1983 and state law, against six police officers who had testified against them at trial.  Pretrial Memorandum, <u>Barbour et al. v. City of White Plains et al.</u>, 07 Civ. 3014, ECF No. 22 (Nov. 2, 2010).

Defendants' first argument, that there was no comprehensive work done, is unsupported by any citations to the record, and is directly contradicted by Mr. Spiegel's and Mr. Korenbaum's billing records, which demonstrate comprehensive and conscientious preparation for trial.

Defendants next object to Plaintiffs' counsel's application for fees for the time spent preparing their motion for fees. (Maria Aff. at 3.) This objection is contradicted by the law, which dictates that a prevailing civil rights plaintiff may include the costs of drafting a motion to recover fees as part of a fee award. Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) ("motion costs should be granted whenever underlying costs are allowed."); Davis v. City of New Rochelle, 156 F.R.D. 549, 560 (S.D.N.Y. 1994) (attorneys should be compensated for "time reasonably spent…in establishing their fee pursuant to fee-shifting statutes such as § 1988").

Defendants also voice several specific objections to certain time entries. Their first objection questions an entry for "January 26, 2006 – a call and correspondence to Joseph A. Maria's office adjourning a 50-h Hearing which took approximately 24 minutes. Clearly this is an inflated item." (Maria Aff. at 5.) Defendants' affidavit is inaccurate, because there is no entry in Mr. Spiegel's or Mr. Korenbaum's billing records for that date. (Spiegel Decl., Ex. B; Declaration of Scott A. Korenbaum ("Korenbaum Decl.") Ex. B.) The only entry that aligns with that description appears on page 2 of Mr. Spiegel's records and corresponds to a call on October 27, 2006. (Id. at 2.) This entry reads "Call and write Joseph, Maria, Esq., re: adjournment of 50-h hearings." (Id.) In the event this is the entry that Defendants challenge, it is reasonable that a call and preparation of a letter regarding adjournment of these hearings could take four tenths of an hour (twenty-four minutes). Moreover, in response to Defendants' objections, Plaintiffs have agreed to adjust all of Mr. Spiegel's hours expended with regard to the 50-h hearings by deducting seven hours. (Spiegel Reply Decl. ¶ 6.) Such an adjustment is adequate to satisfy Defendants' objections to Mr. Spiegel's billing relating to the 50-h proceedings.

Second, Defendants object to conversations Plaintiffs' counsel Mr. Spiegel had with his clients in January 2010 and on March 4, 2010 with regard to pre-trial and settlement conferences. (Maria Aff. at 5-6.) Defendants contend that it was improper for Plaintiff to devote eight hours to discussing settlement with his clients and attending a settlement conference when a settlement offer had not yet been made. Defendants' characterization of these entries appears, again, to be inaccurate. The first call to which Defendants object is a call between Mr. Spiegel and his clients on January 25, 2010 in preparation for a court conference on February 9, 2010. (Id. at 5.) The call that took a total of one hour and twelve minutes. (Spiegel Decl., Ex. B at 9.) In view of the fact that Plaintiffs' counsel represented three clients, these calls averaged 24 minutes per client, which, considering that the calls were in preparation for the first court conference in over six months, is not excessive. See Docket Sheet, 07 Civ. 3014, ECF Nos. 11, 13. Moreover, Mr. Spiegel affirms in his Reply Declaration that Defendants' counsel failed to appear for the February 9 court conference, or to send a colleague in his stead, rendering the conference useless. (Spiegel Reply Decl. ¶ 4.) If Defendants' counsel wished to avoid unnecessary attorneys' fees, minimizing the amount of his opponent's time wasted due to his failure to appear for court conferences would have been an effective strategy.

Defendants next dispute an entry on February 17, 2010, arguing that the fact that Plaintiffs' counsel spent additional time on calls to his client on that date, so soon after the calls on January 25, indicates that his bill is inflated. (Maria Aff. at 6.) Mr. Spiegel's entry indicates that for one hour and 48 minutes on February 17 he conducted calls with his clients in advance of a settlement conference before Magistrate Judge Davison scheduled for March 4. (Spiegel Decl., Ex. B. at 9.) During that period Mr. Spiegel also prepared for the conference himself, including reviewing documents and drafting an *ex parte* letter. (Id.) Mr. Spiegel also billed five hours for

10

attending the settlement conference.  (Id.)  Defendants argue that "if you take in excess of 8 hours to discuss a settlement where no offers were forthcoming, this is clearly improper."[3] (Maria Aff. at 6.)  The Court disagrees.  A settlement conference before a Magistrate Judge requires each party's counsel to determine the strengths and weaknesses of their case and their clients' willingness to settle and for what figure, in view of those strengths and weaknesses.  Furthermore, the bulk of the eight hour period (five hours) that Defendants challenge was spent in conference with the Court.   Plaintiffs' counsel's attendance at a settlement conference scheduled by the court certainly does not represent excessive billing.

Defendants also object that Plaintiffs' counsel spent an inappropriate amount of time preparing for trial in November and December of 2010 and January of 2011, and that Plaintiffs' counsel overbilled for its preparation to cross examine Defendants Heffner and Christopher. (Maria Aff. at 6.)  Both of these arguments are unavailing. Plaintiffs' counsel's records are detailed and specific and make clear that he was engaged in the types of tasks that are necessary to trial preparation, including reviewing his client's deposition testimony, developing requests to charge, drafting *in limine* motions, and preparing direct and cross examinations of witnesses, in large part based on trial transcripts of Defendants' prior testimony on the same subject matter. (Spiegel Decl., Ex. B at 11-13.)  There is no reason to believe that any of these efforts were unnecessary.

Furthermore, Defendants maintained the position that they were unwilling to settle throughout the litigation, until the time the Rule 68 offers were made right before trial.  (Spiegel Decl. ¶ ¶ 24-25.)  This approach ultimately increases the costs of litigation.  Defendants "could

---

[3] To arrive at the eight hour figure, defense counsel apparently added the entries representing the calls on January 25, 2010, the calls and other preparation on February 17, 2010, and attending the settlement conference on March 4, 2010.

11

have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner." City of Riverside, 477 U .S. 561, 580 n.11 (1986). Plaintiffs' counsel could not have foreseen that Defendants would make a settlement offer at the eleventh hour, and thus were ethically bound to prepare adequately for trial. "In determining whether hours should be excluded, the inquiry is not based on what effort appears necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Harrell, 2009 WL 3756327 at *6.

Upon review of Defendants' billing records, and in view of the prior trial dates set, the amount of time expended to prepare this case was reasonable.

    C.  Hourly Rates

Defendants do not articulate an objection to Plaintiffs counsel's hourly rates in their opposition papers. Nevertheless, the Court will briefly review Plaintiffs' counsel's requested rates and the documents offered in support of these rates in order to evaluate their reasonableness.

Plaintiffs' attorney Michael Spiegel seeks a rate of $625 an hour, which he states is the rate he charges in civil rights contingency fee agreements. (Spiegel Decl. ¶ 30.) This rate is somewhat higher than the rates granted in judicial decisions cited by Mr. Spiegel. See Vilkhu v. The City of New York, 2009 U.S. Dist. LEXIS 73696 at *13 (E.D.N.Y. June 26, 2009) (describing the range of rates paid to experienced civil rights attorneys as "$250 to $600…with average awards increasing over time."); Rozell v. Ross-Holst, 576 F. Supp.2d 527, 546 (S.D.N.Y. 2008) (awarding an experienced civil rights litigator fees at $600 per hour).

In support of this rate, Mr. Spiegel cites his extensive experience as a civil rights litigator in this district, including litigating approximately 150 civil rights cases. (Spiegel Decl. ¶ 7.) Mr. Spiegel also submits three declarations from other experienced civil rights litigators who each attest that their hourly rate matches or exceeds that of Mr. Spiegel's, and contend that Mr. Spiegel's requested rate is within a standard range for fees paid to lawyers of Mr. Spiegel's experience and ability. (Id. ¶ 33; Exs. D, E & F.) Mr. Spiegel also attaches several statistical reports indicating that $625 is well within the range of hourly rates for attorneys in civil rights cases in the Southern District and Washington, D.C. area. (Spiegel Decl. ¶¶ 34, 35; Exs. G and H.)

In view of Mr. Spiegel's extensive experience and the evidence presented that his claimed rate is within a standard range charged by other attorneys in this District with similar levels of experience and skill, and in view of the absence of any defense objection to Mr. Spiegel's rate, Mr. Spiegel's rate of $625 is reasonable.

Mr. Spiegel's colleague, Scott Korenbaum, seeks $450 per hour. In support of his application, Mr. Korenbaum explains that he has twenty-two years of legal experience, and maintained his own practice focused on civil rights litigation since 2000. (Korenbaum Decl. ¶¶ 8, 14.) He attests that $450 is the usual rate that he charges in his civil rights retainer agreements. (Id. ¶ 15.) Mr. Korenbaum also cites to cases in this district and the Eastern District in which he was awarded similar rates. (Id. ¶¶ 16, 17, and 18.) Mr. Korenbaum presents a declaration from Matthew Brinkerhoff, an attorney specializing in civil rights litigation, who states that Mr. Korenbaum's rate of $450 is lower than his own rate and well in line with the rate paid to attorneys of similar skill and experience. (Korenbaum Decl., Ex. A.)

After review of Mr. Spiegel's and Mr. Korenbaum's declarations and their appended exhibits, the requested rates are found to be reasonable and within the range of fees paid to civil rights attorneys of similar skill and experience in the Southern District of New York.

D.  Proportionality of the Fees to the Recovery

Defendants' counsel appears to argue that the fees requested by Plaintiffs' attorneys are excessive in view of the $10,000 recovery paid to each Plaintiff. Without citing any law, Defendants assert that "the legal fees awarded pursuant to Federal Law must bear some basis to the actual successfulness of the Plaintiffs in the case at bar."  (Maria Aff. at 5.)

"Congress enacted fee-shifting statutes… to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole," Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999). Fees in civil rights statutes are not to be linked to the dollar value of a claim. Id.; Vasquez v. Ranieri Cheese Corp., No. 07 Civ. 464, 2011 WL 554695 at *4 (E.D.N.Y. February 7, 2011) ("courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery").

Plaintiffs' acceptance of the Rule 68 offer of $10,000 to each Plaintiff represents "some success" on the merits of their claims. Plaintiffs are therefore entitled to recover attorneys' fees, despite the fact that the fees requested are substantially larger than the ultimate recovery. Farrar v. Hobby, 506 U.S. 103, 111 (1992).

E.  Paralegal Fees and Costs

Plaintiffs also seek recovery of paralegal fees in the amount of $8,712.50 and reasonable expenses in the amount of $4,932.94. Defendants do not make an objection to such an award and thus paralegal fees and costs and expenses are granted.

## CONCLUSION

The time expended by Plaintiffs' counsel in preparing this case on behalf of the three Plaintiffs was reasonable, and their requested rates are found to be within the range of rates paid to civil rights lawyers in the Southern District of New York of similar skill and experience. Plaintiffs are entitled attorneys' fees in addition to the amount of the Rule 68 offer because the offer did not specify that it was to include attorneys' fees.

Plaintiffs are awarded a total of $290,997.94 for costs including attorneys' fees. Plaintiffs' attorney Mr. Spiegel is awarded $212,687.50 and Plaintiffs' attorney Mr. Korenbaum is awarded $64,665. Plaintiffs are also awarded paralegal fees in the amount of $8,712.50 and costs and expenses of $4,932.94.

IT IS SO ORDERED

Dated: New York, New York

May 24/2011

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were sent to:

*Attorneys for Plaintiffs:*

Michael L. Spiegel, Esq.
111 Broadway, Suite 1305
New York, NY 10006
(212) 587 8558
Fax: (212) 571 7767

Scott A. Korenbaum, Esq.
111 Broadway, Suite 1305
New York, NY 10006
212-587-8558
Fax: 212-346-4665


*Attorney for Defendants:*

Joseph Anthony Maria
Joseph A. Maria, P.C.
301 Old Tarrytown Road
White Plains, NY 10603
914-684-0333
Fax: 914-684-9772